IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,171-01




EX PARTE JAMES RANDALL COON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. WRIT07545 IN THE 196TH DISTRICT COURT
FROM HUNT COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction.
Coon v. State, No. 05-00-01573-CR (Tex.App.—Dallas del. Feb. 28,2002).
            Applicant complains that his appellate counsel failed to either adequately raise or brief his
grounds on appeal, and he also contends that his appellate counsel failed to advise him of his right
to petition pro se for discretionary review. See Strickland v. Washington, 466 U.S. 668, 687 (1984);
Ex parte Wilson, 956 S.W.2d 25, 26 -27 (Tex. Crim. App. 1997).
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
appellate counsel to respond to Applicant’s claims of ineffective assistance. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.
            The trial court shall make findings of fact and conclusions of law as to whether Applicant’s
appellate counsel provided ineffective assistance regarding the claims he raised and briefed on appeal
and whether appellate counsel timely informed Applicant that his conviction had been affirmed and
that he had a right to file a pro se petition for discretionary review. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: October 9, 2013
Do not publish